| | |
|---|---|
| 1 | MANATT, PHELPS & PHILLIPS, LLP |
| 2 | Charles E. Weir (Bar No. CA 211091) |
|   | cweir@manatt.com |
| 3 | Yasmine S. Novian (Bar No. CA 335949) |
|   | ynovian@manatt.com |
| 4 | 2049 Century Park East, Suite 1700 |
|   | Los Angeles, CA 90067 |
| 5 | Telephone: (310) 312-4000 |
| 6 | Facsimile: (310) 312-4224 |
| 7 | *Attorneys for Plaintiff* |
|   | UV RML NL Assets, LLC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UV RML NL Assets, LLC, | No. 2:21-cv-04913 |
| Plaintiffs, | **COMPLAINT FOR:** |
| vs. | **1) Trademark Infringement (15 U.S.C. § 1114);** |
| Coulter Ventures, LLC, | **2) Unfair Competition (15 U.S.C. § 1125(a))** |
| Defendant. | **3) Common Law Trademark Infringement** |
| | **4) Violation of California Business and Professions Code § 17200** |
| | **5) Violation of California Business and Professions Code § 17500** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff UV RML NL Assets, LLC brings this complaint against Defendant Coulter Ventures, LLC for injunctive relief and damages, as follows:

**NATURE OF THE DISPUTE**

1. UV RML NL Assets, LLC ("Plaintiff") is the owner of the registered trademarks "ROGUE" and "ROGUE PICTURES" (the "ROGUE Marks"). The ROGUE Marks have been used continuously since 1998 in connection with the distribution of movies, films and other entertainment content. Examples of the ROGUE Marks as they have been used in branding movies and films are depicted below.

 

2. A small sampling of many titles distributed under Plaintiff's ROGUE Marks include the blockbuster science-fiction thriller *Limitless,* horror films *The Strangers* and *The Unborn,* comedies *Shaun of the Dead* and *MacGruber*, and the documentary *Catfish.*

3. The ROGUE Marks are prominently displayed in the credits, covers and packaging of their various films. The ROGUE Marks are also used to promote the films on merchandise, online and on social media platforms.

4. Defendant Coulter Ventures, LLC ("Coulter") was founded in 2007 and does business as Rogue Fitness. Coulter primarily sells weightlifting equipment such as barbells, plates and racks, and kettlebells. Recently, however, Coulter began creating documentary films and other video content, branding those films and content as by "Rogue," not "Rogue Fitness."

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

400242085.5
3:26PM

COMPLAINT

5. Coulter's films include the following branding that is confusingly similar to the ROGUE Marks.



6. Coulter's conduct is likely to cause confusion as to the origin of the films and videos and infringes on Plaintiff's trademark rights.

7. Coulter should be enjoined from using the ROGUE Marks on its film, movie and other video content, its profits from those films and videos should be disgorged, and Plaintiff should be awarded its damages.

## THE PARTIES

8. Plaintiff is a Delaware limited liability company based in Los Angeles, California. Plaintiff acquired all of the rights, title and interests worldwide in the ROGUE Marks including, but not limited to, all corresponding federal trademark registrations, common law trademark rights and any associated goodwill.

9. On information and belief, defendant Coulter Ventures, LLC is a limited liability company with its principal place of business at 545 E. 5th Avenue, Columbus, Ohio.

## JURISDICTION AND VENUE

10. The Court has original subject matter jurisdiction over this matter pursuant to the Federal Lanham Act, 15 U.S.C. § 1121. The Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question), 1332 (diversity) and 1338 (original jurisdiction over trademark claims).

11. The Court also has supplemental jurisdiction over Plaintiff's state and common law claims under 28 U.S.C. § 1367.

12. The Court has personal jurisdiction over defendant Coulter because the acts and omissions of Coulter, including the use and distribution of its films and other media content, have been directed at California and Coulter has otherwise engaged in substantial and continuing contacts with California that make the exercise of personal jurisdiction proper.

13. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) and (3).

## HISTORY OF ROGUE PICTURES

14. Rogue Pictures was originally created in 1997 and owned by PolyGram Filmed Entertainment. Rogue Pictures and the ROGUE Marks had various owners over the following decades. The owners included Universal Studios, which acquired the studio in 2000, and Relativity Media which acquired the company in 2009.

15. Pursuant to an Asset Purchase Agreement dated October 10, 2018 with RML Jackson, LLC (prior registrant of the ROGUE Marks) a wholly owned subsidiary of Relativity Media, LLC, and related entities, dba Rogue Pictures ("Rogue"), UltraV Holdings, LLC ("UltraV") acquired the rights to the ROGUE Marks. UltraV is the parent company of Plaintiff. After the acquisition, rights in the ROGUE Marks were transferred to Plaintiff.

16. Since its inception, Rogue has produced and distributed dozens of films, movies and video content under the ROGUE Marks in numerous different genres. Rogue titles have included some of the most recognizable actors and directors in the entertainment industry. The list of titles, date of release and certain cast members and directors for Rogue branded films using the ROGUE Marks are:

| Title | Release Date | Cast |
|---|---|---|
| *Orgazmo* | October 23, 1998 | Matt Stone, Trey Parker |

| Title | Release Date | Cast |
|---|---|---|
| *Thick as Thieves* | January 28, 1999 | Alec Baldwin, Rebecca DeMorney |
| *Trippin'* | May 12, 1999 | Deon Richmond, Maia Campbell |
| *Boricua's Bond* | June 21, 2000 | Tyson Beckford |
| *Cherry Falls* | October 20, 2000 | Gabriel Mann, Jay Mohr |
| *Shaun of the Dead* | September 24, 2004 | Simon Pegg, Nick Frost |
| *Seed of Chucky* | November 12, 2004 | Jennifer Tilly, Brad Dourif |
| *Assault on Precinct 13* | January 19, 2005 | Ethan Hawke, Laurence Fishburne |
| *Unleashed* | May 13, 2005 | Morgan Freeman, Jet Li |
| *Cry Wolf* | September 16, 2005 | Lindy Booth, Julian Morris |
| *Carlito's Way: Rise to Power* | September 27, 2005 | Sean 'Diddy' Combs, Mario Van Peebles |
| *American Pie Presents: Band Camp* | December 26, 2005 | Eugene Levy, Tad Hilgenbrink |
| *Dave Chappelle's Block Party* | March 3, 2006 | Dave Chappelle, Talib Kweli |
| *Waist Deep* | June 23, 2006 | Tyrese Gibson, The Game |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES
400242085.5

| Title | Release Date | Cast |
|---|---|---|
| *Fearless* | September 22, 2006 | Jet Li, Li Sun |
| *The Return* | November 10, 2006 | Sarah Michelle Gellar, Sam Shepard |
| *American Pie Presents: The Naked Mile* | December 19, 2006 | Eugene Levy, Maria Ricossa, Christopher McDonald |
| *Altered* | December 19, 2006 | Paul McCarthy-Boyington, Brad William Henke |
| *White Noise 2: The Light* | January 5, 2007 | Nathan Fillion, Katee Sackhoff, Craig Fairbrass |
| *Santos* | February 12, 2007 | Javier Gutierrez, Elsa Pataky |
| *The Hitcher* | January 19, 2007 | Sean Bean, Sophia Bush |
| *Hot Fuzz* | April 20, 2007 | Simon Pegg, Nick Frost |
| *Balls of Fury* | August 29, 2007 | Christopher Walken, George Lopez |
| *American Pie Presents: Beta House* | December 26, 2007 | Christopher McDonald, John White, Jake Siegel |
| *Doomsday* | March 14, 2008 | Bob Hoskins, Malcolm McDowell |
| *The Strangers* | May 30, 2008 | Liv Tyler, Scott Speedman |

| Title | Release Date | Cast |
|---|---|---|
| *The Unborn* | January 9, 2009 | Gary Oldman, Idris Elba |
| *The Last House on the Left* | March 13, 2009 | Tony Goldwyn, Monica Potter |
| *Fighting* | April 24, 2009 | Channing Tatum, Terrence Howard |
| *A Perfect Getaway* | August 7, 2009 | Chris Hemsworth, Timothy Olyphant, Steve Zahn |
| *MacGruber* | May 21, 2010 | Will Forte, Kristen Wiig, Ryan Phillippe, Val Kilmer, Maya Rudolph |
| *Catfish* | September 17, 2010 | Henry Joost, Ariel Schulman |
| *My Soul to Take* | October 8, 2010 | Wes Craven (Director), Max Thieriot, Denzel Whitaker |
| *Skyline* | November 12, 2010 | Eric Balfour, Scottie Thompson |
| *The Warrior's Way* | December 3, 2010 | Kate Bosworth, Geoffrey Rush, |
| *Season of the Witch* | January 7, 2011 | Nicolas Cage, Ron Perlman, Claire Foy |
| *Sanctum: The Real Story* | January 30, 2011 | James Cameron, Allison Cratchley |
| *Take Me Home Tonight* | March 4, 2011 | Topher Grace, Anna Faris |

| Title | Release Date | Cast |
|---|---|---|
| *Limitless* | March 18, 2011 | Bradley Cooper, Abbie Cornish, Robert De Niro |
| *Cost of a Soul* | May 20, 2011 | Chris Kerson, Will Blagrove |
| *Shark Night* | September 2, 2011 | Sara Paxton, Katharine McPhee |
| *The Raven* | April 27, 2012 | John Cusak, Kevin McNally, Alice Eve |
| *Movie 43* | January 25, 2013 | Elizabeth Banks, Kristen Bell, Halle Berry, Leslie Bibb, Kate Bosworth, Gerard Butler, Josh Duhamel, Anna Faris, Richard Gere, Hugh Jackman, Johnny Knoxville, Justin Long, Christopher Mintz-Plasse, Chloë Grace Moretz, Liev Schreiber, Emma Stone, Jason Sudeikis, Uma Thurman, Naomi Watts, Kate Winslet |
| *The Disappointments Room* | September 9, 2016 | Kate Beckinsale |
| *The Strangers: Prey at Night* | March 9, 2018 | Bailee Madison, Lewis Pullman, Christina Hendricks |

17. Many of the above Rogue films had advertising budgets in the tens of millions of dollars and were heavily advertised by the then current owner of the ROGUE Marks. The films and the production and distribution by Rogue also received substantial media and press coverage. The extensive coverage of the films and Rogue provide the ROGUE Marks with a high degree of consumer recognition.

18. While some of the above titles have been sold, evidencing the value of the Rogue brand, the current distributors of Rogue films continue to use the Rogue branding pursuant to license arrangements with UltraV entities.

19. Rogue also produced the popular television shows *Limitless* (that followed the story line of the film of the same name) distributed by CBS Television and *Catfish* distributed by MTV networks.

20. Rogue's film, movie and video content is distributed through multiple channels, including theaters, television, retail stores, and on-line streaming platforms including, among others, Netflix, iTunes, Hulu and Amazon Prime. Rogue content and promotional material is also distributed via cable and broadcast television networks including HBO, Showtime, Turner, and Disney/ABC as well as on YouTube, Instagram, Facebook and other social media platforms.

21. In addition to licensing the existing Rogue branded films and rights it owns, Plaintiff is actively developing new films, media, television shows and other content that will be released under the Rogue brand and trademarks. A new Rogue film is set to be released in the coming months.

## ROGUE'S TRADEMARK REGISTRATIONS

22. Plaintiff owns multiple federal trademark registrations for ROGUE and ROGUE PICTURES.

23. On March 25, 2009, Rogue filed with the U.S. Patent and Trademark Office ("USPTO") U.S. Federal Application No. 77698591 for registration of the mark ROGUE. On April 15, 2014, the USPTO granted the foregoing application registration and issued U.S. Trademark Registration No. 4514831 for the mark ROGUE in connection with various goods and services including "cinematographic films featuring a wide variety of themes." The themes specifically listed in the registration included sports, documentary, historical and biographical. The goods and services also included digital media in various "downloadable" files and formats, including movies, films, MP3 files, "multimedia file containing artwork,

text, audio, video." The digital media and downloadable goods and services were also connected to a "wide variety of themes," including sports, exercise and fitness, health, biographical and documentary. A true and correct copy of this registration certificate, and corresponding printout from the Trademark Status & Document Retrieval ("TSDR") at the USPTO (the official records of the USPTO) showing that this registration is active and in the name of Plaintiff, are attached as Exhibit 1. This registration became incontestable on August 15, 2019.

24. On March 25, 2009, Rogue filed with the USPTO U.S. Federal Application No. 77698599 for registration of the mark ROGUE. On July 22, 2014, the USPTO granted the foregoing application registration and issued U.S. Trademark Registration No. 4572598 for the mark ROGUE in connection with various goods and services including, "entertainment services, namely, production and distribution of motion picture films." A true and correct copy of this registration, and corresponding printout from the TSDR showing that this registration is active and in the name of Plaintiff, are attached as Exhibit 2.

25. On March 25, 2009, Rogue filed with the USPTO U.S. Federal Application No. 77698601 for registration of the mark ROGUE. On January 8, 2013, the USPTO granted the foregoing application registration and issued U.S. Trademark Registration No. 4272503 for the mark ROGUE in connection with various goods and services including "creating an on-line community for registered uses to participate in discussions." A true and correct copy of this registration, and corresponding printout from the TSDR showing that this registration is active and in the name of Plaintiff, are attached as Exhibit 3.[1]

26. On March 25, 2009, Rogue filed with the USPTO U.S. Federal Application No. 77698603 for registration of the mark ROGUE. On January 8,

---

[1] This registration is the subject of a cancellation proceeding brought by Coulter. Plaintiff has not yet responded to the Petition for Cancellation. Plaintiff intends to seek a suspension of those proceedings pending resolution of this action.

2013, the USPTO granted the foregoing application registration and issued U.S. Trademark Registration No. 4272504 for the mark ROGUE in connection with "social networking services; on-line social networking services; providing a social networking website for entertainment purposes." A true and correct copy of this registration, and corresponding printout from the TSDR showing that this registration is active and in the name of Plaintiff, are attached as Exhibit 4.[2]

27. On January 10, 2001, Rogue filed with the USPTO U.S. Federal Application No. 76192118 for registration of the mark ROGUE PICTURES. On January 22, 2002, the USPTO issued U.S. Trademark Registration No. 2531913 for the mark ROGUE PICTURES in connection with various goods and services, including "entertainment services, namely, production and distribution of audiovisual works, namely, full length motion picture films." A true and correct copy of this registration, and corresponding printout from the TSDR showing that this registration is active and in the name of Plaintiff, are attached as Exhibit 5. This registration became incontestable on July 13, 2007.

28. On December 10, 2010, Rogue filed with the USPTO U.S. Federal Application No. 85202077 for registration of the mark ROGUE PICTURES. On March 31, 2015, the USPTO granted the foregoing application registration and issued U.S. Trademark Registration No. 4712692 for the mark ROGUE PICTURES in connection with various goods and services including "cinematographic films featuring a wide variety of themes." Included in the themes were exercise and fitness, health, sports, historical, biographical, and documentary. The goods and services also included downloadable movies, MP3 files and video recordings featuring movies. A true and correct copy of this registration, and corresponding

---

[2] This registration is the subject of a cancellation proceeding brought by Coulter. Plaintiff has not yet responded to the Petition for Cancellation. Plaintiff intends to seek a suspension of those proceedings pending resolution of this action.

printout from the TSDR showing that this registration is active and in the name of Plaintiff, are attached as Exhibit 6.

29. On December 20, 2010, Rogue filed with the USPTO U.S. Federal Application No. 85202086 for registration of the mark ROGUE PICTURES. On March 17, 2015, the USPTO granted the foregoing application registration and issued U.S. Trademark Registration No. 4703958 for the mark ROGUE PICTURES in connection with various goods and services, including "distribution of motion picture films." A true and correct copy of this registration, and corresponding printout from the TSDR showing that this registration is active and in the name of Plaintiff, are attached as Exhibit 7.

30. All of the above registrations for the ROGUE Marks are in full force and effect on the PTO's register, and give rise to presumptions in favor of Plaintiff with respect to validity, ownership, and exclusive rights to use the ROGUE Marks throughout the United States.

31. In addition to the registrations, Plaintiff has multiple pending applications related to the ROGUE mark and digital media and online forums related to movies and films. These include, application Nos. 88577372 and 88762489.

## HISTORY OF COULTER VENTURES

32. Coulter was founded in 2007. Coulter sells weightlifting equipment including barbells, plates and racks, kettlebells and CrossFit related materials under the brand name Rogue Fitness.

33. Coulter uses an e-commerce site – roguefitness.com – to sell product. Initially it had no products of its own and sold products of other manufacturers.

34. Eventually Coulter expanded into producing its own fitness equipment.

35. Coulter sponsors certain CrossFit, strongman and powerlifting events as well as certain CrossFit and strength athletes.

36. Coulter has multiple trademark registrations of its own for "Rogue Fitness" and "Rogue." The two Rogue Fitness registrations are in connection with "personal trainer services" and "weight lifting equipment" of various types. The two "Rogue" registrations are also in connection with "weight lifting equipment" of various types. Nothing in Coulter's trademark registrations mentions films, movies or video content of any nature.

37. All Coulter registration applications postdate Rogue's use of the ROGUE Marks and Rogue's trademark applications.

## COULTER'S IMPROPER USE OF THE ROGUE MARKS

38. Given the different industries, customers and sales channels, Coulter and Rogue initially coexisted for many years without incident. Rogue marketed its films, movie and entertainment media products using the ROGUE Marks and Coulter branded itself as "Rogue Fitness" or "Rogue" on its kettlebells, weights and other products. There was unlikely to be confusion that Rogue – the senior user of the ROGUE Marks – had shifted from making films and entertainment content to weightlifting equipment.

39. This dynamic, however, recently changed. Coulter began making documentaries, films and other videos and branded them with the ROGUE Marks, providing no clarification that the films were produced by Rogue Fitness, and not Rogue.

40. Coulter's films are identified on its YouTube channel as "Rogue Films."






41. Coulter's films include *Fullsterkur*, *Stoneland*, *Trial By Stone*, *Levantadores – The Basque Strongman – A documentary film*, and *Into the Night: Steve vs. The Baja*.

42. Displayed in the lower right-hand corner of the screen throughout the videos Coulter includes the branding "ROGUE."

43. Coulter's films also include the branding that the film is "An Original Film By ROGUE." The statement is typically displayed as follows:



44. Coulter's films and video content are distributed in the same distribution channels as Rogue's films and movies. Not only does Coulter use its website and YouTube for distribution, but its films are also distributed on Netflix, in theaters and at film festivals. This includes, but is not limited to, the 2018 Austin film festival.

45. Coulter has been and is planning to continue using a strategy to expand the distribution of its films through even more channels that overlap with Rogue, including network television.

46. In addition to the feature length films and documentaries, Coulter produces other video content also using the ROGUE Marks that includes highlights of strength and fitness events and athlete profiles. While some of this content identifies it as being from "Rogue Fitness," much of the video content does not. This creates a likelihood of confusion about the source of the films, movies and other video material.

47. Coulter's online discussion and social media platforms have also expanded to include commentary and discussions about its films, movies and video content. The commentary and discussion boards are no longer only about weightlifting and fitness events and products.

48. In the course of extensive discussions regarding the two companies' use of the word ROGUE, Coulter has stated its intention to no longer include references to "Rogue Fitness" in its films and videos. Instead, Coulter has stated that it intends to use only the "ROGUE" mark in the confusingly similar typeface and manner discussed above. This will significantly increase the likelihood of confusion among consumers of each company's films and video content.

## ROGUE'S CEASE AND DESIST LETTERS AND DISCUSSIONS WITH COULTER

49. Shortly after Coulter began producing films and video content and branding it as "by Rogue" and using the ROGUE Marks, Plaintiff sent Coulter a cease and desist letter requesting that Coulter stop using the ROGUE Marks on its films and video content.

50. Plaintiff's cease and desist letter initiated extensive discussions between the parties regarding Coulter's branding of its film and video content. At various times in the discussions, it appeared that the parties had a framework in

place so that they could coexist and use some version or adaptation of the word "Rogue." Central to the framework, and avoiding consumer confusion, was to include branding that clarified that the "Rogue Fitness" films, movies and other video content was produced and distributed by Rogue Fitness and not Rogue.

51. Recently, however, Coulter shifted their position and branding related to its film, movie and video content. Coulter has stated that it actually intends to expand its use of the ROGUE Marks, or confusingly similar variations thereof, on its film, movie and media content. It also appears that it intends to broaden its distribution channels for its media content.

52. Coulter is currently infringing upon Plaintiff's trademark rights, and this new position will only further the likelihood of confusion in the marketplace.

## FIRST CAUSE OF ACTION

## Federal Trademark Infringement Under 15 U.S.C. § 1114

53. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 - 52 of this Complaint.

54. The ROGUE Marks are registered with the USPTO as set forth above.

55. The actions of Coulter described above including, without limitation, their unauthorized use of the ROGUE Marks, and confusingly similar variations thereof, in commerce to sell, distribute, advertise or promote Coulter's goods and services, including but not limited to, its film, movie and other video content, throughout the United States, including California, constitute trademark infringement in violation of 15 U.S.C. § 1114.

56. Plaintiff has suffered and will continue to suffer irreparable harm for which it had no adequate remedy at law as a result of Coulter's continuing infringing activities.

57. The actions of Coulter, if not enjoined, will continue.

58. Pursuant to 15 U.S.C. § 1117, Plaintiff is also entitled to recover damages in an amount to be proven at trial, profits made by Coulter related to or

arising from its infringing activities, and costs of the action. Plaintiff is informed and believes that the actions of Coulter were taken willfully and with the intention of violating the trademark rights of Plaintiff, making this an exceptional case entitling Plaintiff to recover treble damages and attorneys' fees.

## SECOND CAUSE OF ACTION

### Federal Unfair Competition Under 15 U.S.C. § 1125(a)

59. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 - 58 of this Complaint.

60. The actions of Coulter described above including, without limitation, their unauthorized use of the ROGUE Marks in commerce in connection with sale and promotion of Coulter's goods and services, including, without limitation its film, movie and other video content, is likely to cause confusion or mistake about the origin, sponsorship or approval of the goods and services. Consumers of video and film content are likely to be confused that Coulter's film, movie and video content were created by Rogue, when in fact, they were not.

61. The acts by Coulter throughout the United States, including California, violate 15 U.S.C. § 1125(a).

62. Plaintiff has suffered and will continue to suffer irreparable harm for which it had no adequate remedy at law as a result of Coulter's continuing infringing activities.

63. The actions of Coulter, if not enjoined, will continue.

64. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be proven at trial, profits made by Coulter related to or arising from its infringing activities, and costs of the action. Plaintiff is informed and believes that the actions of Coulter were taken willfully and with the intention of violating the trademark rights of Plaintiff, making this an exceptional case entitling Plaintiff to recover treble damages and attorneys' fees.

## THIRD CAUSE OF ACTION

### Common Law Trademark Infringement and Unfair Competition

65. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 - 64 of this Complaint.

66. As a result of the continuous use of the ROGUE Marks since at least 1998 throughout the United States, including California, the ROGUE Marks are also entitled to protection under the common law.

67. Coulter's acts as described above constitute common law trademark infringement and unfair competition, and have created and will continue to create a likelihood of confusion related to Coulter and Rogue's film, movie and video content.

68. Plaintiff has been harmed by Coulter's infringing conduct and will continue to be irreparably harmed unless Coulter is enjoined by the Court.

69. Plaintiff has no adequate remedy at law and is entitled to an injunction precluding Coulter from continuing to engage in its infringing conduct.

70. Coulter's actions were and are with full knowledge of Rogue's use of and statutory and common law rights to the ROGUE Marks and were taken without regard to the likelihood of confusion that their conduct would create.

71. Plaintiff is entitled to recover damages in an amount to be proven at trial, profits made by Coulter related to or arising from its infringing activities, and costs of the action.

## FOURTH CAUSE OF ACTION

### Violation of California Business and Professions Code § 17200

72. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 - 71 of this Complaint.

73. Coulter's actions described above, including, without limitation, its use of the ROGUE Marks in connection with its film, movie and video content,

constitute an unfair and unlawful business practice in violation of California Business and Professions Code § 17200, *et seq.*

74. Coulter's unfair business practices have caused Plaintiff to suffer an injury-in-fact.

75. Under California Business and Professions Code § 17203, Plaintiff is entitled to an injunction prohibiting Coulter from continuing its unfair and unlawful business practices, including its acts of trademark infringement alleged herein.

## FIFTH CAUSE OF ACTION

## Violation of California Business and Professions Code § 17500

76. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 - 75 of this Complaint.

77. Coulter's actions described above, including, without limitation, its use of the ROGUE Marks in connection with its film, movie and video content, constitute false, unfair, misleading, and/or deceptive advertising that have, and had, the tendency to deceive, and did deceive, members of the public in violation of California Business and Professions Code § 17500, *et seq.*

78. Plaintiff is entitled to an injunction prohibiting Coulter from continuing to engage in any acts of false and misleading advertising.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against defendant Coulter as follows:

A. That Coulter and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, through or under authority from Coulter, and each of them, be enjoined from:

1. Using the ROGUE Marks on any film, movie or video content currently being distributed or to be produced and distributed in the future, including without limitation the films *Fullsterkur*, *Stoneland*, *Trial By Stone*, *Levantadores* –

*The Basque Strongman – A documentary film*, and *Into the Night: Steve vs. The Baja*; and

      2.    Using any of the ROGUE Marks in any way that is likely to create confusion, mistake, deception or public misunderstanding that goods or services of Coulter are produced by Rogue or sponsored by Rogue.

    B.    That Coulter be ordered to account for all profits related to or derived from the films, movie or other video content produced and distributed by Coulter using the ROGUE Marks.

    C.    That Plaintiff be awarded all profits of Coulter related to or derived from the films, movie or other video content produced and distributed by Coulter using the ROGUE Marks.

    D.    That Plaintiff be awarded its damages caused by the acts forming the basis of this complaint and all causes of action alleged herein.

    E.    Based on Coulter's knowing use of the ROGUE Marks in violation of Plaintiff's rights, the damages awarded be trebled and enhanced as provided in 15 U.S.C. § 1117.

    F.    That Coulter be required to pay Plaintiff's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and other applicable state law.

    G.    All other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: June 15, 2021        MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Charles E. Weir
Charles E. Weir
*Attorneys for Plaintiffs*