UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UV RML NL Assets LLC, | Case No. 2:21-cv-04913-VAP(ASx) |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| Coulter Ventures, LLC, | |
| Defendant. | |
| Coulter Ventures, LLC, | |
| Counterclaim Plaintiff, | |
| v. | |
| UV RML NL Assets LLC; and UltraV Holdings LLC, | |
| Counterclaim Defendants. | |

1.    A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.13, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.     GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that

nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   <u>DEFINITIONS</u>

2.1   <u>Action</u>: *UV RML NL Assets, LLC v. Coulter Ventures, LLC,* 2:21-cv-04913-VAP-AS.

2.2   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4   Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY."

2.6   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8   "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" Information or Items: CONFIDENTIAL Information that is considered to be the most sensitive by the Designating Party and that constitutes "trade secret or other

confidential research, development, or commercial information" (as that quoted language is interpreted under Fed. R. Civ. P. 26(c)(1)(G)).

2.9     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY."

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.      <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or

extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

All Protected Material exchanged during discovery shall be treated as Protected Material by the Receiving Party. The treatment of Protected Material under this Order is for discovery and pretrial purposes only. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an

improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, in addition to a Bates number, at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY legend"), to each page that contains protected material.  For electronically stored information not produced in a form that permits affixing a legend, the file name of the electronic file shall include the confidentiality designation, and any electronic media containing such electronic files shall also bear the designation.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY

1  CONFIDENTIAL – ATTORNEYS EYES ONLY." After the inspecting Party has

2  identified the documents it wants copied and produced, the Producing Party must

3  determine which documents, or portions thereof, qualify for protection under this

4  Order. Then, before producing the specified documents, the Producing Party must

5  affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL –

6  ATTORNEYS EYES ONLY legend" to each page that contains Protected Material.

7  If only a portion or portions of the material on a page qualifies for protection, the

8  Producing Party also must clearly identify the protected portion(s) (e.g., by making

9  appropriate markings in the margins).

10            (b)     for testimony given in depositions, the transcript of the

11  deposition will be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

12  ONLY for (14) calendar days after the date on which the court reporter releases the

13  final transcript to the Parties.  During that fourteen (14) calendar day period, a Party

14  may designate any portion(s) of the transcript as Protected Material, whether

15  CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY,

16  by informing the court reporter and all other Parties in writing of such designations,

17  by page/line identification.  Alternately, the Party designating material as

18  CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY

19  may specify, at or immediately following the time the testimony is given, any

20  portions of the testimony to be designated as CONFIDENTIAL or HIGHLY

21  CONFIDENTIAL-ATTORNEYS' EYES ONLY.  At the termination of the

22  fourteen (14) day period following the release of the final transcript, any testimony

23  not designated shall not be treated as CONFIDENTIAL or ATTORNEYS' EYES

24  ONLY, unless subsequently designated as such pursuant to Paragraph 5.3 of this

25  Order.  For testimony designated as CONFIDENTIAL or HIGHLY

26  CONFIDENTIAL-ATTORNEYS' EYES ONLY, the court reporter shall affix to

27  the top of each transcript page containing Protected Material the legend

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES
2    ONLY."

3            (c)    for information produced in some form other than
4    documentary and for any other tangible items, that the Producing Party affix in a
5    prominent place on the exterior of the container or containers in which the
6    information is stored the legend "CONFIDENTIAL" or "HIGHLY
7    CONFIDENTIAL – ATTORNEYS EYES ONLY." If only a portion or portions of
8    the information warrants protection, the Producing Party, to the extent practicable,
9    shall identify the protected portion(s).

10           (d)    For Protected Material that is to be disclosed before the
11   Court during pretrial conferences, hearings, or other pretrial proceedings, a Party
12   intending to make the disclosure shall notify the Court at, or prior to, the beginning
13   of the proceeding of its intention such that the Court may act to preserve the
14   confidentiality of the Protected Material, including, but not limited to, having the
15   court reporter seal relevant portions of the transcript of the pretrial proceeding.

16           (e)    For answers to interrogatories and other written discovery
17   responses, Parties providing responses shall designate material as
18   CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY
19   by notifying the Receiving Party in its written responses of the specific portions of
20   the responses that are CONFIDENTIAL or HIGHLY CONFIDENTIAL-
21   ATTORNEYS' EYES ONLY.

22           (f)    Documents that do not meet the definition of
23   CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY
24   shall not be designated with a "CONFIDENTIAL" or "HIGHLY
25   CONFIDENTIAL-ATTORNEYS' EYES ONLY" label.

26           5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an
27   inadvertent failure to designate qualified information or items does not, standing
28   alone, waive the Designating Party's right to secure protection under this Order for

such material. Within fourteen (14) calendar days of discovery of an inadvertent failure to designate Protected Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, a Producing Party shall notify the Receiving Party in writing that the Protected Material is to be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY. Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure the Protected Material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s). The Producing Party shall provide to the Receiving Party substitute copies of the Protected Material bearing the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" label, and the Receiving Party shall destroy, to the extent practicable, copies of the Protected Material that do not bear the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" label.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer. The Challenging Party shall initiate the informal dispute resolution process set forth in the Court's Procedures and Schedules. see http://www.cacd.uscourts.gov/honorable-alka-sagar

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is

entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. Unless otherwise ordered by the Court or agreed to in writing by the Parties, Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action, shall be held in confidence by a Receiving Party and used only for purposes of prosecuting, defending, or attempting to settle this Action and shall not be used in any other way, except by order of the Court or with the written consent of the Producing Party. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

1           (c)    Experts (as defined in this Order) of the Receiving Party
2    to whom disclosure is reasonably necessary for this Action and who have signed
3    the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4           (d)    the court and its personnel;

5           (e)    court reporters and their staff;

6           (f)    professional jury or trial consultants, mock jurors, and
7    Professional Vendors to whom disclosure is reasonably necessary for this Action
8    and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
9    A);

10          (g)    persons who appear on the face of the CONFIDENTIAL
11   Information or Items as an author, addressee, recipient, copyee/cc, bcc or persons
12   that Outside Counsel of Record believes in good faith to have received the
13   CONFIDENTIAL Information or Items in the ordinary course of business;

14          (h)    during their depositions, witnesses, and attorneys for
15   witnesses, in the Action to whom disclosure is reasonably necessary provided: (1)
16   the deposing party requests that the witness sign the form attached as Exhibit A
17   hereto; and (2) they will not be permitted to keep any confidential information
18   unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A),
19   unless otherwise agreed by the Designating Party or ordered by the court. Pages of
20   transcribed deposition testimony or exhibits to depositions that reveal Protected
21   Material may be separately bound by the court reporter and may not be disclosed to
22   anyone except as permitted under this Stipulated Protective Order.  At the request
23   of the Producing Party, persons not permitted access to Protected Material under the
24   terms of this Order shall not be present at depositions while the Producing Party's
25   Protected Material is discussed or otherwise disclosed; and

26          (i)    any mediator or settlement officer, and their supporting
27   personnel, mutually agreed upon by any of the parties engaged in settlement
28   discussions.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" only to the individuals identified in Paragraph 7.2 (a), (c)-(i); and not to the individuals identified in Paragraph 7.2 (b): the officers, directors, and employees (including House Counsel) of the Receiving Party.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions

1  should be construed as authorizing or encouraging a Receiving Party in this Action

2  to disobey a lawful directive from another court.

3      9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

4  PRODUCED IN THIS LITIGATION

5          (a)      The terms of this Order are applicable to information

6  produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or

7  "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY." Such information

8  produced by Non-Parties in connection with this litigation is protected by the

9  remedies and relief provided by this Order. Nothing in these provisions should be

10  construed as prohibiting a Non-Party from seeking additional protections.

11          (b)      In the event that a Party is required, by a valid discovery

12  request, to produce a Non-Party's Protected Material in its possession, and the Party

13  is subject to an agreement with the Non-Party not to produce the Non-Party's

14  Protected Material, then the Party shall:

15              (1)      promptly notify in writing the Requesting Party and

16  the Non-Party that some or all of the information requested is subject to a

17  confidentiality agreement with a Non-Party;

18              (2)      promptly provide the Non-Party with a copy of the

19  Stipulated Protective Order in this Action, the relevant discovery request(s), and a

20  reasonably specific description of the information requested; and

21              (3)      make the information requested available for

22  inspection by the Non-Party, if requested.

23          (c)      If the Non-Party fails to seek a protective order from this

24  court within 14 days of receiving the notice and accompanying information, the

25  Receiving Party may produce the Non-Party's Protected Material responsive to the

26  discovery request. If the Non-Party timely seeks a protective order, the Receiving

27  Party shall not produce any information in its possession or control that is subject to

28

the confidentiality agreement with the Non-Party before a determination by the court.

Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure.  This Protective Order shall not affect rules applicable to the admissibility of material into evidence in this Action.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Nothing in this Protective Order shall prohibit a Producing Party's use of its own Protected Material for any purpose.

12.4   Compliance with the terms of this Protective Order shall not constitute an admission that material is or is not (a) confidential, (b) privileged or otherwise protected, or (c) admissible evidence at trial.

12.5   This Protective Order is binding on the Parties and shall remain in full force and effect until modified, superseded, or terminated as set forth in Paragraph 4.

12.6   A notice required by this Order may be waived, in whole or in part, only by a writing signed by Outside Counsel of Record for the Party against whom such waiver will be enforced.

12.7   This Order has been agreed to by the Parties to facilitate discovery and the production of relevant information in the Action.  Neither the entry of this Order, nor the designation of any information, document or the like as Protected Material, nor the failure to make such designation, shall constitute evidence with respect to any issue in the Action.

12.8   This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order.

12.9   Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of its documents, electronically stored information or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

12.10 Nothing in this Order will bar Outside Counsel of Record from rendering advice to their clients with respect to this Action and, in the course thereof, relying upon any Protected Material designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, provided that the contents of that Protected Material must not be disclosed.

12.11 This Order shall not diminish any existing obligation or right held by a Party with respect to Protected Material, nor shall it prevent a disclosure to which the Producing Party consents in writing before the disclosure occurs.

12.12 The Court is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material produced under the protection of this Order shall be resolved by the Court, subject to the appellate rights of the Parties.  Every individual who executes an "Acknowledgment and Agreement to Be Bound" agrees to subject himself or herself to the jurisdiction of this Court in accord with the terms of that acknowledgment and agreement.

12.13 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As

used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  November 15, 2021        MANATT, PHELPS & PHILLIPS, LLP

By: /s/ *Charles E. Weir*
Charles E. Weir
Samantha J. Katze (*Pro Hac Vice*)
Yasmine S. Novian
Attorneys for UV RML NL Assets LLC and
UltraV Holdings LLC

1    Dated:  November 15, 2021      STRADLING YOCCA CARLSON & RAUTH A
2                                   Professional Corporation

3                                     By:  /s/*Jason de Bretteville*
                                         Jason de Bretteville
4                                          Sean T. Lobb

5                                   BANNER & WITCOFF, LTD.

6                                          Louis Disanto (*Pro Hac Vice*)
                                         Erik S. Maurer (*Pro Hac Vice*)
7                                          Christian Wolfgram (*Pro Hac Vice*)
                                         Hugh A. Warren, V (*Pro Hac Vice*)
8

                                  Attorneys for Coulter Ventures, LLC
9

10

   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.
11

12

   DATED:  November 17, 2021
13

14
       / s / Sagar
15    Honorable Alka Sagar

16    United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATED PROTECTIVE ORDER

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Central District of

California on [date] in the case of *UV RML NL Assets, LLC v. Coulter Ventures,*

*LLC,* 2:21-cv-04913-VAP-AS. I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____

[print or type full name] of _____ [print or type full

address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date:_____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____